KRISTINA M. DIAZ (SBN 151566)
Email: kdiaz@roll.com
MATTHEW D. MORAN (SBN 197075)
Email: mmoran@roll.com
DANIEL A. BECK (SBN 204496)
Email: dbeck@roll.com
MICHELLE LEE (SBN 244836)
Email: mlee@roll.com
**ROLL LAW GROUP P.C.**
11444 West Olympic Boulevard, 10th Floor
Los Angeles, California 90064-1557
Telephone: (310) 966-8400
Facsimile: (310) 966-8810

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: POM WONDERFUL LLC MARKETING AND SALES PRACTICES LITIGATION**<br><br>This Document Relates To:<br>All Actions | Master File No.: 2:10-ml 2199-DDP (RZx)<br><br>[MDL No. 2199]<br><br>Assigned to the Hon. Dean D. Pregerson<br><br>**DEFENDANTS' OPPOSITION TO *EX PARTE* APPLICATION TO ALLOW MDL PLAINTIFFS ACCESS TO DISCOVERY PRODUCED IN THE OCEAN SPRAY LITIGATION** |

## I.   INTRODUCTION

Defendants in the MDL[1] oppose Plaintiffs' Ex Parte Application To Allow MDL Plaintiffs Access To Discovery Produced In The Ocean Spray Litigation (the "Application").  The Application should be denied because Plaintiffs fail to show good cause for their requested ex parte relief on the eve of the mediation.[2]

Since June 2011, Plaintiffs knew that they wanted the discovery produced in the *POM Wonderful LLC v. Ocean Spray* litigation and the alleged need to obtain that discovery prior to the mediation in the MDL.  The discovery in the *Ocean Spray* litigation was sought from Pom in Plaintiffs' Request for Production of Documents, Set One served on June 22, 2011.  See Declaration of Matthew Moran ("Moran Decl.") ¶ 2, filed herewith.  Pom served its responses to those requests on August 10, 2011.  (Id. ¶ 3)  The parties' October 20, 2011 mediation date was confirmed on August 24, 2011.  (Id. ¶ 4)  Upon learning that Pom's production in *Ocean Spray* had not been produced by Pom, Plaintiffs could have filed a regularly noticed motion to compel to be decided well before the October 20th mediation.  Yet, inexplicably, Plaintiffs waited **seven weeks** after receiving Pom's responses and eight days before the mediation to raise this discovery issue on an ***ex parte*** basis.

Plaintiffs fail to explain their delay.  Rather, Plaintiffs contend the Court made it necessary to seek ex parte relief when it suggested the inclusion of Ocean Spray in the previously scheduled mediation on October 20, 2011.  Plaintiffs' position is without merit.  By suggesting Ocean Spray participate in the mediation, the Court changed nothing about Plaintiffs' existing ability to engage in mediation.  Simply put, there is absolutely no connection between Ocean Spray attending the

---

[1] "Defendants" refers to POM Wonderful LLC, Roll Global LLC, as successor in interest to Roll International Corporation, the Trustees of the Stewart and Lynda Resnick Revocable Trust, Stewart Resnick, Lynda Resnick and Matthew Tupper.

[2] Although Defendants oppose the Application for the reasons stated herein, Defendants' counsel did receive and appreciate the Court's Clerk's voicemail stating that the parties could deal with this issue in a flexible manner.

1 mediation and Plaintiffs' sudden realization, nearly two months after receiving
2 Pom's documents, that Plaintiffs require all of the discovery in the *Ocean Spray*
3 litigation immediately, without following the United States District Court for the
4 Central District of California's procedures on discovery motions.

5    Nor must the protective order be modified to allow Ocean Spray to attend the
6 mediation. Pom has agreed that Ocean Spray may attend, and has stated that it does
7 not object to free discussions at the mediation by all parties (see Moran Decl. ¶ 6);
8 all such discussions will be protected by the mediation privilege. Ocean Spray's
9 attendance certainly does not require ex parte relief.

10    Additionally, Plaintiffs have not presented any evidence that shows their
11 cause will be irreparably prejudiced if their ex parte application is denied. Nor
12 could Plaintiffs credibly make such an argument given the over one hundred
13 thousand pages of documents produced by Defendants to Plaintiffs. These
14 documents constitute the lion share of relevant documents in the MDL.

15    In sum, ex parte applications are an unacceptable method of bringing a
16 discovery dispute to the attention of the court absent an extreme emergency. Given
17 that Plaintiffs have had months to move to compel production of the *Ocean Spray*
18 discovery, that they are in possession of all documents necessary to mediate the
19 MDL, and are not restrained in their ability to communicate at the mediation with
20 Ocean Spray, it is clear that no extreme emergency exists justifying ex parte relief.

21 **II.    PLAINTIFFS' EX PARTE APPLICATION IS WITHOUT MERIT**

22    Improperly-filed ex parte applications are "inherently unfair" and "pose a
23 threat to the administration of justice." Mission Power Eng'g Co. v. Continental
24 Cas. Co., 883 F.Supp.488, 492 (C.D. Cal. 1995). "Ex parte applications are rarely
25 justified." Id. "In bringing an ex parte motion, a movant must present evidence that
26 shows 'that moving party's cause will be irreparably prejudiced if the underlying
27 motion is heard according to regular noticed motion and procedures.'" Larin Corp.
28 v. Alltrade, Inc., 2010 WL 4394287, at *1 (C.D. Cal. Oct. 28, 2010) (quoting

Mission Power, 883 F.Supp. at 492). Simply put, ex parte applications "throw the system out of whack." In re Intermagnetics America, Inc., 101 B.R. 191, 193 (C.D. Cal. 1989). Noticed motions therefore "should be the rule" Id.

Indeed, an ex parte application regarding a discovery dispute should be rejected out of hand "absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." Local Rule 37-3; see also Mission Power, 883 F.Supp. at 492. Plaintiffs fail to make either showing.

### A. Plaintiffs Were Aware Of The Alleged Importance Of And Need To Obtain The *Ocean Spray* Discovery Since August 2011.

Plaintiffs harbor the belief that the discovery produced by Pom in the *Ocean Spray* litigation is relevant to the MDL. In their Request for Production of Documents served in June 2011, Plaintiffs sought all discovery produced by Pom in the *Ocean Spray* litigation. (Moran Decl. ¶ 2) In early August 2011, Pom served its responses but did not produce its production in *Ocean Spray*. (Id. ¶ 3) On August 24, 2011, the parties confirmed the October 20, 2011, mediation date. As such, Plaintiffs could have brought a motion as early as August. They chose not to do so.

Instead, Plaintiffs took months to draft a 56-page meet and confer letter to Pom in which they reiterate their long-held belief that the *Ocean Spray* discovery is relevant to the MDL. (Moran Decl. ¶ 5) On October 6, 2011, at a hearing in the *Ocean Spray* litigation, the Court suggested that the mediation in the MDL be expanded to include Ocean Spray. However, Ocean Spray's possible participation in the mediation does not suddenly make Pom's discovery in *Ocean Spray* more relevant now than it was before the October 6 hearing. Nor does Ocean Spray's possible participation in the MDL mediation excuse Plaintiffs' failure for the past two months to file a noticed motion seeking to compel production from Pom of the *Ocean Spray* discovery.

The Central District's ex parte application procedures do not exist to rescue Plaintiffs from their tactical decisions. They should be reserved for genuine

emergencies. Ex parte applications should be denied if the movant bears any "fault in creating crisis." Mission Power, 883 F.Supp. at 492. Plaintiffs could have sought to compel Pom's *Ocean Spray* production on noticed motion. But rather than do what the Local Rules require, Plaintiffs delayed. Plaintiffs are therefore entirely responsible for creating this "crisis" to the extent one exists and its Application should be denied. See Larin Corp., 2010 WL 4394287, at *1-*2 (denying ex parte motion where movant failed to show they were without fault for the "crisis").

### B. Plaintiffs Present No Evidence Of Irreparable Injury If They Are Not Provided Access To The *Ocean Spray* Discovery Immediately.

Where, as here, a party seeking ex parte relief fails to present evidence of irreparable injury, ex parte relief must be denied. See Larin Corp., 2010 WL 4394287, at *1 ("a movant must present evidence that shows 'that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures'") (quoting Mission Power, 883 F.Supp. at 492); accord Fernandez v. City of Los Angeles, 2009 WL 2169482 (C.D.Cal. July 19, 2009) (denying ex parte application where plaintiff made no evidentiary showing as to why ex parte relief as warranted). Here, Plaintiffs have not provided any evidence such as a declaration showing why they will be prejudiced if not given the *Ocean Spray* discovery immediately. Plaintiffs merely make the vague assertion in their Application that they do not want to be in a "disadvantageous position" at the mediation vis-à-vis Ocean Spray by not having access to the *Ocean Spray* discovery. But Plaintiffs fail to articulate a single reason why failure to obtain the *Ocean Spray* discovery prior to the mediation would disadvantage them. The reason is simple: Plaintiffs would not be prejudiced. Thus, Plaintiffs are not entitled to the ex part relief that they request because they neglected to present any evidence to the Court that might justify the expedited consideration of their request for the *Ocean Spray* discovery. See id.

Moreover, any argument that Plaintiffs would be disadvantaged vis-à-vis Ocean Spray at the mediation by not having the *Ocean Spray* discovery is without merit. By way of Defendants' substantial document production, Plaintiffs possess documents sufficient to allow them to effectively mediate the MDL. Pom has produced to Plaintiffs approximately 23,763 documents constituting, among others, (1) published studies addressing the relationship between pomegranate consumption and human health; (2) medical research on pomegranates that Pom has supported; (3) advertisements for Pom's products; (4) creative briefs, meeting notes and emails concerning the creation of Pom's advertising; (5) communications between Pom and researchers; (6) deposition transcripts of Pom employee and Pom's discovery responses in the Ocean Spray litigation; and (7) sales data for Pom's 100% pomegranate juice for the years 2005 through November 2010. (Moran Decl. ¶ 3) Notably, Plaintiffs' Application is silent on whether their counsel have even reviewed these relevant documents. The Application also does not discuss what additional documents Plaintiffs expect to find in the *Ocean Spray* discovery that are so critical to the mediation that the Court should allow Plaintiffs to disregard the Local Rules and go to the head of the line in front of all other litigants and receive special treatment in the form of ex parte relief for this discovery dispute.

Additionally, there is no threat of irreparable injury or prejudice to Plaintiffs if required to seek the *Ocean Spray* discovery on regular noticed motion because Plaintiffs are free to communicate with Ocean Spray's counsel about confidential matters at the mediation. The Central District of California provides absolute confidentiality protection for mediation communications, pursuant to Local Rule 16-15.8, as does California's own statutory mediation privilege. See Cal. Evid. Code § 1119. Defendants thus do not object to Ocean Spray viewing any brief Plaintiffs may file with Judge Tevrizian, assuming Ocean Spray participates in the mediation (and thus is bound by the mediation privilege) and for the same reason Defendants do not object to Ocean Spray freely commenting before Judge Tevrizian regarding

confidential matters. (Moran Decl. ¶ 6) Those matters will be, and must be, kept strictly confidential by all recipients in connection with the mediation. See Local Rule 16-15.8. Therefore, Plaintiffs will be able to participate in the mediation along with Ocean Spray without any concern that their communications will be restricted.

Accordingly, there is no reason to bypass the Local Rules on discovery motions and allow Plaintiffs to obtain the *Ocean Spray* discovery on an ex parte basis. Whether Plaintiffs are entitled to the *Ocean Spray* discovery can be and should be determined according to the regular noticed motion procedures. Plaintiffs' untested belief that they are so entitled to the discovery is irrelevant. Thus, there is also no reason to allow Plaintiffs to sign-on to the protective order in *Ocean Spray* as their entitlement to the Ocean Spray documents will be resolved under the regular motion to compel process set forth in the Local Rules.

### III. CONCLUSION

For the reasons discussed above, the Court should issue an Order denying Plaintiffs' ex parte Application.

Dated: October 13, 2011        ROLL LAW GROUP P.C.

                               By:  /s/ Matthew D. Moran
                                    MATTHEW D. MORAN
                                    Attorneys for Defendants