Michael Louis Kelly – SBN 82063
mlk@kirtlandpackard.com
Behram V. Parekh – SBN 180361
bvp@kirtlandpackard.com
**KIRTLAND & PACKARD LLP**
2041 Rosecrans Avenue, Third Floor
El Segundo, California 90245
Telephone: 310.536.1000
Telecopier: 310.536.1001

*Lead Class Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **IN RE: POM WONDERFUL LLC MARKETING AND SALES PRACTICES LITIGATION**<br><br>This Document Relates To:<br>All Actions | Master File No.: 2:10-ml 2199-DDP (RZx)<br><br>*(Assigned to the Honorable Dean D. Pregerson)*<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION NO. 2 FOR PARTIAL SUMMARY JUDGMENT RE: POM'S CLAIM OF GENERAL HEALTH**<br><br>Date: October 28, 2013<br>Time: 10:00 AM<br>Court Room: 3 – 2nd Floor |

# MEMORANDUM

Plaintiffs hereby respectfully submit their Opposition to POM's Motion No. 2 for Partial Summary Judgment Re: POM's Claim of General Health [D.E. 184] ("Motion").

## I. PRELIMINARY STATEMENT

Defendant POM Wonderful LLC ("POM" or "Defendant") admits it "has invested millions in research" to "uncover the health benefits of pomegranate juice." D.E. 186 at 3 (MSJ No. 4). Defendant further admits it has represented its POM Wonderful 100% Juice products ("Juice" or the "Products") [1] is "supported" or "backed" by millions of dollars in medical research. *Id.* POM now seeks partial summary judgment that there is no genuine issue of material fact that Plaintiffs cannot adduce any affirmative evidence "disproving that POM's products are healthy." MSJ#2 at 1. POM's Motion fails on multiple grounds, not the least of which is that it never defines what it means by the terms "generally healthy" or "good for you," neither of which are terms that Plaintiffs allege as false or misleading in their MCC, nor identifies any specific marketing materials that Plaintiffs allege are false using those specific terms as an alternative basis for summary judgment.[2] Summary judgment cannot be granted on a claim made up by Defendant which Plaintiffs have not advanced in this litigation.

The closest that Plaintiffs come to the statements purportedly at issue in POM's MSJ#2 are the following allegations from their MCC:

> ¶6. POM also has promoted the consumption of its POM Wonderful brand 100% pomegranate juice beverage product to consumers as an all-

[1] "Juice" or "Products" as used herein means all POM Wonderful 100% Juice products at issue in the case.

[2] The only specific statements POM identifies in its Motion are "The antioxidant power of pomegranate juice," "The Antioxidant Superpower," and "Health's Angel," none of which state that POM's juice is "generally healthy" or "good for you."

> purpose health elixir that the can prevent and/or delay the effects of advancing age, prolong youth, and prolong life;
>
> ¶32. POM's other advertisements and promotions build on and implicitly reference these specific disease prevention and cure claims by portraying POM pomegranate juice as an all-purpose health elixir that has special power to prevent and/or mitigate chronic diseases associated with aging, and thereby prolong life.

MCC ¶¶6, 32 [D.E. 19]

Neither one of these allegations claim that POM falsely or misleadingly marketed the Juice as "generally healthy" or "good for you." Rather, they tie the "health elixir" message to the more specific claims discussed elsewhere in these four MSJ oppositions.

Given that Plaintiffs have never alleged that POM made claims it was "generally healthy" or "good for you," and POM does not cite to any evidence of marketing materials or advertising, as part of its Motion, that state such claims, POM cannot obtain partial summary judgment on a claim not at issue in this litigation.

POM then transitions in its Motion from discussing "generally healthy" to discussing the general potential of antioxidants to promote health. Again, POM points to nowhere in the MCC that Plaintiffs allege the falsity of generic claims as to antioxidants. Rather, the MCC only alleges that the *specific* health benefits claimed by POM, whether claimed to be as a result of the antioxidants contained in the Juice or not, were false or misleading both because they conveyed the uniform message that POM as a health elixir capable of preventing and healing serious diseases, which was untrue, and because they were not backed by the millions of dollars of scientific research as claimed by POM. These issues are fully addressed in the remaining MSJ oppositions, which deal with the specific health claims (MSJ#1), antioxidant comparisons (MSJ#3) and scientifically backed claims (MSJ#4). Again, POM cannot obtain partial summary judgment on a claim (the generic potential of antioxidants to

be considered "generally healthy" or "good for you") that Plaintiffs do not make in this litigation.

Finally, POM's Motion relies in part on the sweeping statement that POM Juice[3] is rich in antioxidants, and antioxidants are generally beneficial to human health, therefore POM Juice is "good for you." Motion at 2-3. In reality, there is no evidence to support the connection between consuming POM juice and *any* health benefits, in fact, the reverse is true, that the evidence shows consumption of POM Juice produces no beneficial effects. (Parekh Decl. Ex. G, Deposition of Dr. Meir Stampfer, M.D. ("Stampfer Dep."), at 36:5-10; Parekh Decl. Exs. H-L, Declarations of Drs. Blumberg, Garnick, Khera, Sacks, and Stampfer; PSF[4] Nos. 4, 12-56)

Accordingly, summary judgment should be denied.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). While assessing a motion for summary judgment, a district court is not entitled to weigh the evidence and resolve disputed underlying factual issues. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). Rather, the court is required to view all inferences to be drawn from "the underlying facts … in the light most favorable to the party opposing the motion." *Id.* (*quoting United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). After drawing inferences favorable to the respondent, summary judgment will be granted only if all reasonable inferences defeat the respondent's claims. *Admiralty Fund v. Tabor*, 677 F.2d 1297, 1298 (9th Cir. 1982).

A genuine issue of material fact is a question that a trier of fact must answer to determine the rights of the parties under the applicable substantive law. *See Anderson*

---

[3] "POM Juice" herein means all POM wonderful juice products at issue in the case.

[4] PSF refers to Plaintiffs' Separate Statement of Facts in Support of Plaintiffs' Opposition to Defendant's Motions Nos. 1 Through 4 for Partial Summary Judgment.

*v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Plaintiffs' evidence "is to be believed, and all justified inferences are to be drawn in [Plaintiffs'] favor." *Anderson*, 477 U.S. at 255; *see also Crowe v. San Diego,* 593 F.3d 841, 862 (9th Cir. 2010) (same).

The moving party has the initial burden of demonstrating that summary judgment is proper. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). The burden then shifts to Plaintiffs to set forth specific facts showing there is *some* genuine issue of material fact for trial. *Id.* at 323; *Anderson,* 477 U.S. at 250. The judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *see also Balint v. Carson City,* 180 F.3d 1047, 1054 (9th Cir.1999). . "If reasonable minds could differ as to the import of the evidence, summary judgment must be denied." *Anderson*, 477 U.S. at 250-51. Applying these standards, POM's Motion should be denied.

## III. ARGUMENT

As an initial matter, POM's Motion must be denied because it seeks partial summary judgment on claims not before this Court. However, even if this Court were to find that Plaintiffs do specifically allege that POM falsely claims its Juice is "generally healthy," POM's Motion still fails, because the expert evidence submitted by Plaintiffs shows that, under the current state of the science, there are no beneficial effects to consuming pomegranate juice.

### A. *King Bio* And Its Progeny Do Not Shield Defendant From Liability

Defendant's motion is based almost exclusively on a questionable state court opinion and district court cases which are neither persuasive nor binding. As fully discussed in Plaintiffs' Opposition to Defendant's Motion for Summary Judgment No. 1, proof of lack of substantiation is sufficient to obtain liability against Defendant under the UCL, FAL, and CLRA. Plaintiffs incorporate by reference their arguments

related to lack of substantiation, *King Bio,* and its progeny contained in their Opposition to MSJ No. 1 as if fully set forth herein.

**B. Plaintiffs Go Beyond a "Lack of Substantiation" Theory**

Plaintiffs do not simply "bring an action demanding substantiation for advertising claims" and are not proceeding solely under a lack of substantiation theory. Plaintiffs do not merely assert no credible science supports Defendant's claims; rather, they provide evidence that the available science shows that Defendant's claims are affirmatively false and misleading where Defendant has asserted in its marketing that its health claims are backed by scientific research. *See Hughes v. Ester C Co*., --- F.Supp.2d -----, 2013 WL 1080533, at *13 (E.D. N.Y. Mar. 15, 2013) (denying motion to dismiss UCL, FAL and CLRA claims and finding that the plaintiffs' allegation that the defendants did not have "credible scientific evidence backing up their representations is relevant" where the products' advertising "expressly states that there is clinical research supporting its products").

**C. Evidence Shows That POM's Advertising Is False And Misleading**

Even if this Court deems *King Bio* controlling and finds a lack of substantiation allegation inappropriate, Plaintiffs still submit expert evidence proving the falsity and misleading nature of Defendant's Claims of General Health.

Plaintiffs' expert, Dr. Meir Stampfer, M.D. stated that while there is no evidence that consumption of POM Juice has any beneficial effects on the human body, there is the potential that consuming pomegranate juice could actually cause negative effects resulting from weight gain caused by Juice consumption. Parekh Decl. Ex. G, Stampfer Dep. at 12:3-6; 34:10-22. As a Professor in the Departments of Epidemiology and Nutrition at the Harvard School of Public Health, and as a Professor of Medicine at Harvard Medical School, Dr. Stampfer identified obesity as a cause for concern of consuming POM's Juice. *Id*. Specifically, Dr. Stampfer stated that obesity risk is increased because "it's much harder to regulate caloric consumption in beverage form." *Id*. Further, Dr. Stampfer stated that "sugared

beverages and any beverage that contains a substantial amount of calories is more likely to promote obesity." *Id*. When asked whether he thought that there may be some potential generalized health benefits in connection with consuming the POM Juice to counteract such obesity concerns, Dr. Stampfer testified that there is no evidence to support that. *Id*.

No specific health benefits exist for those who consume POM Juice, and similarly Defendant may not rely on specific health benefits to conclude that consuming POM Juice is correlated with general health. Dr. Stampfer testified that "***there's no evidence to support a contention that there's a specific health benefit for pomegranate juice***." Parekh Decl. Ex. G, Stampfer Dep. at 37:10-12. The phrase "general health effect" does not have a specific meaning. *Id*. at 37:25-38:10. When asked whether Dr. Stampfer reviewed studies disproving the proposition that POM is healthy, he responded: "[w]ell, I don't know what it means when you say a general health effect as opposed to a specific. To me as a scientist, that doesn't have a meaning." *Id*. Defendant seeks a ruling from this Court in part because it claims that no expert designated by Plaintiffs opined on whether POM Juice is healthy generally. Motion at 7:26-27. Dr. Stampfer specifically testified, however, as to his opinions on whether consuming POM Juice promotes general health or lacks general health benefits all together. *Id*. at 34:16-22.) (identifying the risk of obesity); *Id*. at 36:3-4 (further identifying the harm that POM Juice causes because of caloric intake concerns); *Id*. at 35:1-7 (discussing his opinion on whether the antioxidant content in POM Juice has an impact on human health); *Id*. at 37:10-12 (stating that no evidence supports a contention that there's a specific health benefit for POM Juice); and perhaps most importantly, *Id*. at 37:16-24 (testifying that that no evidence exists that shows that POM Juice may promote "some sort of physical well-being" and likewise no literature serves as the basis that drinking POM Juice supports a health benefit).

Plaintiffs have alleged, quite clearly, that POM made representations as to the specific health benefits of its Juice in preventing, reducing the risk of, mitigating, and

treating specific diseases. The result of these specific representations and the other marketing conducted by POM was to convey a single uniform message, namely, that POM has incredible preventative and health powers which are backed by millions of dollars in scientific research, or in the words of Lynda Resnick, that POM Juice has the "power to help heal people" PSF Nos. 2-3. Plaintiffs' expert evidence uniformly discredits POM's specific health benefit claims, and provides affirmative evidence that those claims were not true when made. *See*, Parekh Decl. Ex. F, Sacks Dep. at 83:23-84:14; 62:22-65:11; Opp. to MSJ#1, and PSF Nos. 4, 12-56 (expert opinions holding that under the current state of scientific evidence, there are no specific health benefits to the consumption of pomegranate juice). A trier of fact could certainly conclude from a review of the claims made by POM combined with Plaintiffs' experts' testimony, that because Plaintiffs have shown POM has no specific health benefits, that, in fact, any claims by POM as to "general" health benefits or that the juice is "good for you" would mislead a reasonable consumer. Accordingly, Plaintiffs have raised genuine issues of material fact and Defendant's Motion should be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs and the Class respectfully request the Court to deny summary judgment as to POM's Motion and let this case be tried because there are genuine issues of material fact. Plaintiffs and the Class further request that all other causes of action and issues be reserved for determination at trial.

RESPECTFULLY SUBMITTED,

DATED: September 24, 2013 KIRTLAND & PACKARD LLP

By: /s/ Behram V. Parekh
BEHRAM V. PAREKH

Michael Louis Kelly
mlk@kirtlandpackard.com
Behram V. Parekh
bvp@kirtlandpackard.com
2041 Rosecrans Avenue

Third Floor
El Segundo, California 90245
Telephone: 310.536.1000
Telecopier: 310.536.1001

*Lead Class Counsel for Plaintiffs*