O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: POM WONDERFUL LLC MARKETING AND SALES PRACTICES LITIGATION, | ) ) ) ) ) ) ) ) ) ) ) | Case No. ML 10-02199 DDP (RZx) MDL Number 2199<br><br>**ORDER RE: DEFENDANT'S EX PARTE APPLICATION FOR CONTINUANCE**<br><br>[Dkt. No. 226] |

Defendant has filed an ex parte application seeking to continue upcoming summary judgment hearing dates until after the class opt-out period has expired. (Dkt. No. 226.) Though a nationwide Plaintiff class has been certified in this case, the parties have not yet agreed upon a class notice plan, and notice under Federal Rule of Civil Procedure 23(c)(2) has not been sent to potential class members. Potential class members have not, therefore, yet had any opportunity to opt out of the class.

Nevertheless, Defendants filed four motions for summary judgment and Plaintiff filed one summary judgment motion, all of which are currently set for hearing on October 28, 2013. Defendants now move to continue those hearings until the expiration

of the class opt-out deadline, which has yet to be established. Plaintiffs oppose the continuance.

"[D]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified <u>and notified</u>." Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir. 1995) (emphasis added). Otherwise, absent Rule 23(c)(2), a plaintiff who would not otherwise be bound by a ruling in favor of a defendant might pursue "one way intervention," joining in a case only after a favorable determination on the merits. <u>Id.</u>

Defendant argues that it has the right to insist on Rule 23(b)(2) notice before the summary judgment motions are decided. (Mot. at 1.) Plaintiff responds that Defendant waived any such right by engaging in gamesmanship regarding a long-threatened motion to decertify the class. (Opp. at 3.) Both parties are only partially correct.

As an initial matter, it appears to the court that both parties bear some responsibility for the delay in class notice. The court takes no position on whether Defendant's practices in this regard operate as a waiver of its rights regarding class notice. The Ninth Circuit has held, however, that a defendant waives his right to compel class notice when he chooses instead to move for summary judgment. <u>Schwarzschild</u>, 69 F.3d at 297. Defendant here filed four such motions, and thus has waived any right to insist that class notice be sent prior to a hearing on Defendant's own motions.

Nevertheless, the court concludes that the summary judgment motions must be continued. While this court could rule on the pending motions prior to class notice, any such decision would bind

2

only the named plaintiffs. <u>Schwarzschild</u>, 69 F.3d at 297; <u>See also Goldstein v. Quantum Health Resources, Inc.</u>, No. SA CV 95-713 GLT EEX, 1996 WL 813245 at *1, 4 (C.D. Cal. Dec. 23 1996) (vacating class certification order and ruling on summary judgment with respect to named plaintiff only). No party requests such an outcome, which would be exceedingly wasteful of the parties' and court's resources.

In light of Plaintiff's understandable desire to minimize the costs and maximize the effectiveness of any future class notice and considering Defendant's lack of clarity with respect to its intentions regarding a decertification motion, the duration of any continuance cannot be determined at this stage. Defendant has represented to the court, however, that it will file a decertification motion "within the next few weeks." (Mot. at 2.) Defendants are therefore ordered to file any such motion within three weeks of the date of this order. Failure to do so will be deemed as waiver. The court expects class notice to then proceed expeditiously.

For the reasons stated above, Defendant's ex parte application is GRANTED, in part. All pending motions for summary judgment are continued until the expiration of the class opt-out period. Any motion to decertify the class shall be filed within three weeks of the date of this order. The parties shall file a joint status

///
///
///
///
///

report regarding class notice, including a suggested hearing date for the motions for summary judgment, within fourteen days of the resolution of any such motion.

IT IS SO ORDERED.

Dated: October 18, 2013

DEAN D. PREGERSON
United States District Judge