1
KRISTINA M. DIAZ (SBN 151566)
Email: kristina.diaz@roll.com
2
MATTHEW D. MORAN (SBN 197075)
Email: matthew.moran@roll.com
3
JOHNNY TRABOULSI (SBN 211384)
Email: johnny.traboulsi@roll.com
4
BROOKE HAMMOND (SBN 264305)
Email: brokke.hammond@roll.com
5
ROLL LAW GROUP PC
11444 West Olympic Boulevard
6
Los Angeles, California 90064-1557
Telephone:  (310) 966-8400
7

8
BERTRAM FIELDS (SBN 24199)
Email: bfields@ggfirm.com
9
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
10
1900 Avenue of the Stars, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 553-3610
11

12
Attorneys for Defendants
POM WONDERFUL LLC, THE WONDERFUL
13
COMPANY LLC, as successor in interest to, ROLL GLOBAL
LLC, as successor in interest to, ROLL INTERNATIONAL
14
CORPORATION, STEWART A. RESNICK, LYNDA RAE
RESNICK, MATTHEW TUPPER, TRUSTEES OF THE
15
STEWART AND LYNDA RESNICK REVOCABLE TRUST

16
MICHAEL LOUIS KELLY (SBN 82063)
Email: mlk@kirtlandpackard.com
17
BEHRAM V. PAREKH (SBN 180361)
Email: bvp@kirtlandpackard.com
18
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue, 3rd Floor
19
El Segundo, California 90245
Telephone: (310) 536-1000

20
Lead Counsel for Plaintiffs

21
UNITED STATES DISTRICT COURT

22
CENTRAL DISTRICT OF CALIFORNIA

23

| | |
|---|---|
| **IN RE: POM WONDERFUL LLC MARKETING AND SALES PRACTICES LITIGATION** ) ) ) ) ) | Master File No.: 2:10-ml 2199-DDP (RZx) |
| | [MDL No. 2199] |
| This Document Relates To: All Actions ) ) ) ) ) ) ) ) | Assigned to the Hon. Dean D. Pregerson |
| | **JOINT STATUS REPORT** |

24

25

26

27

28

Pursuant to this Court's Order dated June 16, 2015 [D.E. 294], the Parties hereby submit this Joint Status Report concerning the status of the case.

**Plaintiffs' Position**:

On March 25, 2014, this Court granted Defendant's motion for decertification.  On April 8, 2014, the parties submitted a Joint Status Report.  In that Report, Plaintiffs asked for a status conference with the Court to discuss the filing of a motion to reopen expert discovery or, in the alternative, to request the Court to suggest that the Judicial Panel on Multidistrict Litigation ("JPML") remand the constituent cases to their respective transferor courts.  Defendant opposed this request.  On January 30, 2015, the United States Court of Appeals for the District of Columbia Circuit ruled in the case of POM Wonderful LLC v. FTC, 777 F.3d 478 (D.C. Cir. 2015), and affirmed the decision of the Federal Trade Commission ("FTC") other than its imposition of a two Randomized Clinical Trials ("RCT") substantiation requirement for any future disease related claims by POM, which the court lowered to one RCT, based upon its finding that the FTC did not meet the least restrictive means test, and holding that a single RCT, if it was sufficiently large and reliable, combined with other non-RCT studies, could, potentially, be sufficient to support disease related claims under these circumstances.

Plaintiffs have asked for, and continue to ask for, a status conference to discuss with the Court their intention to move the Court to, in the alternative, either 1) reopen limited discovery to allow Plaintiffs to address the concerns regarding damages and ascertainability that the Court identified in its decertification order and make a renewed motion for class certification; or 2) to ask that the JPML remand the non-California cases to their respective districts prior to adjudication of the California law based summary judgment motions currently filed before this Court.

1.   <u>Renewed Motion for Class Certification</u>

On September 28, 2012, this Court granted Plaintiffs' motion for class certification, certifying a nationwide class for claims brought under California

statutory and common law.  Over a year later, after filing motions for summary judgment, POM moved to decertify the class.  The Court decertified the class finding that Plaintiffs' expert's calculation of class-wide damages insufficiently justified the value of the benefits obtained by Plaintiffs, and was, thus, insufficiently tied to Plaintiffs' theory of recovery and that the class was unascertainable.  Rule 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."  Thus, just as the Court retained jurisdiction to hear Defendant's motion to decertify the class, the Court also retains the jurisdiction to hear a motion by Plaintiffs to re-certify the class.

Cases since this Court's decision decertifying the class have held that in a situation like the instant case, where class members may have had varying reasons for purchasing the product, including the ones alleged to be misleading, an acceptable method of calculating class-wide damages is based upon the revenue and profit that was wrongfully obtained by defendant.  *See, e.g.*, *Brown v. Hain Celestial Group, Inc.*, No. C 11-03082 LB, 2014 WL 6483216, at *18-19 (N.D. Cal. Nov. 18, 2014).  In the instant case, this type of analysis would alleviate the Court's concern that Plaintiffs' expert was insufficiently able to determine the "value" of the product received by class members by basing such value on the actual cost of the product as manufactured, an objectively calculable amount.[1]

Using this theory of determining class-wide damages will also allow Plaintiffs the ability to address the Court's concerns with ascertainability.  By using such an objective method of determining damages, that is, the difference between the cost of manufacture of the product versus the wholesale price charged for the product, all that class members need do is self-certify that they did, indeed, buy the product at

---

[1] To be sure, the Second Circuit has recently reaffirmed that, in light of *Comcast v. Behrend*, 133 S. Ct. 1426 (2013), "the fact that damages may have to be ascertained on an individual basis is not sufficient to defeat class certification' under Rule 23(b)(3)."  *Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) (citation omitted).

issue.  *Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2014 WL 4652283, at *4 (N.D. Cal. Sept. 18, 2014); *Brown*, 2014 WL 6483216, at *9-10; *Forcellati v. Hylands, Inc.*, No. CV 12-1983-GHK (MRWx), 2014 WL 1410264, at *5-8 (C.D. Cal. Apr. 9, 2014).  Further, unlike in other cases where class certification has been denied on the grounds of ascertainability, such as *Bruton v. Gerber Prods. Co.*, No. 12-CV-02412-LHK, 2014 U.S. Dist. LEXIS 86581 (N.D. Cal. June 23, 2014), because the product was generic, or only certain products out of a range of similar products sold by the defendant contained the alleged false representation, here the distinctive nature of the product and bottle, combined with the fact that *all* POM Wonderful 100% Juice products are part of the class, ameliorate concerns of whether class members will be able to remember whether they actually purchased any of the products at issue.  *Id.*

> As the court in *Brown*, held, and which is equally applicable here:
> That self-identification is allowable here is bolstered by the fact that "total damages" will be proved and fixed at trial—as opposed to awaiting a world of individual claimants who drive the defendant's bill higher with every new "Me, too" that rings in. *See Lilly*, 2014 WL 4652283 at *5–6. The restitutionary damages that the plaintiffs seek focus on the defendant's conduct rather than on the harm allegedly done any individual class member. Those damages, as both parties recognize, are measured by the profit that Hain allegedly derived from the misbranded products. That profit will be measured without regard to any individual plaintiff; then, after the total figure is set, individual claimants will divide the award.

*Brown*, 2014 WL 6483216, at *11.

For the above reasons, Plaintiffs respectfully submit that they be allowed leave to move this Court to reopen limited discovery for purposes of allowing a new

damages calculation to be submitted in support of a renewed motion for class certification.[2]

    2.   <u>Suggestion of Remand</u>

Pre-Trial Order #2, entered on August 30, 2011 [D.E. 18], provided that causes of action other than those contained in the Master Consolidated Complaint ("MCC") would be stayed pending resolution of whether a nationwide class could be certified under California law.  It further provided that if a nationwide class was not certified, such stay would be lifted and the MDL would be disbanded after all pretrial proceedings were concluded

At this point, absent re-opening of limited discovery and a renewed motion for class certification, all pre-trial proceedings are complete that relate to the non-California cases in MDL.  Any additional pre-trial proceedings in those cases that might be needed will relate solely to those cases and the state-specific causes of actions raised therein.  No further efficiency will result from continuing to litigate those cases, and the state-specific causes of action raised therein, in this Court.  The motions for summary judgment currently on file relate *solely* to California causes of action, and resolution of those motions would not bind the state-specific causes of action raised in the non-California constituent cases.

28 U.S.C. §1407(a), which governs the coordinated or consolidated pretrial proceedings in multidistrict litigation, provides, in pertinent part, that each action transferred by the Panel "shall be remanded by the panel *at or before the conclusion of such pretrial proceedings* to the district from which it was transferred unless it shall have been previously terminated." (emphasis added).  As a result, remand at the conclusion of the pretrial proceedings is mandatory, *Lexecon Inc. v. Milberg*

---

[2] Defendants' position that Plaintiffs somehow "failed to prosecute their claims against POM" in the intervening 15 months lacks merit.  Plaintiffs have awaited this Court's guidance on the issues of moving to re-certify the class or suggest remand to the JPML since they requested a status conference to address these issues in April 2014.

*Weiss*, 523 U.S. 26, 34 (1998); however, remand prior to the conclusion of pretrial proceedings is discretionary solely with the JPML.  *See In re Bridgestone/Firestone, Inc., ATX, ATXII, & Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). Pursuant to the JPML's Rules of Procedure, "the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative."  *In re Asbestos Prods. Liab. Litig.*, 560 F. Supp. 2d 1351, 1351 (J.P.M.L. 2008) (citation omitted).  However, even where the request for remand is made by motion, the role of the transferee court is to provide a suggestion or recommendation to the JPML. *See In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977).  Indeed, its own rules indicate that the JPML is "reluctant to order remand absent a suggestion of remand from the transferee district court." *Lexecon*, 523 U.S. at 31.

The statute does not provide definitive guidelines for assessing remand prior to the completion of pretrial proceedings; rather, the issue turns on "whether the case will benefit from further coordinated proceedings as part of the MDL."  *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1197.  Generally, remand is appropriate where the transferee court's work is done and where everything that remains to be done is case-specific.  *See In re Light Cigarettes Mktg. Sales Practices Litig.*, 832 F. Supp. 2d 74, 76 (D. Me. 2011); *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000).  Plaintiffs respectfully submit that this standard is met here.  The case of *In re Vitaminwater Mktg. & Sales Practice Litig.*, No. 11-MD-2215, 2013 U.S. Dist. LEXIS 98570, at *41 (E.D.N.Y. July 10, 2013) is instructive, where the JPML remanded the cases where pending motions "raise[d] many case specific state law issues, which can best be resolved by courts in the states where plaintiffs' claims arose."  Similarly, in this litigation, with the denial of nationwide class certification under California law, and the completion of all fact discovery, everything that remains to be done is state-law specific.  The constituent cases bring claims under the consumer protection statutes of various states.  None of these

issues have yet been adjudicated in this Court due to the terms of Pre-Trial Order #2 and the initial certification of a nationwide class under California law by this Court.

The courts in the various states where the constituent actions arise from are best suited to make determinations under such laws, including potentially resolving motions for class certification under the specific causes of action allowed by those states, and potentially resolving motions for summary judgment, again under the specific causes of action allowed by those states.  No efficiency will be gained from having this Court adjudicate those state law specific issues.

Plaintiffs respectfully request that the Court set a status conference to discuss these and other case management issues.

### Defendants' Position

On August 14, 2013, the Parties filed summary judgment motions [D.E. 179, 183-186], the hearing on which was continued by the Court until the expiration of the class opt-out period [D.E. 240], though Plaintiffs never issued a class notice.

After the completion of fact and expert discovery, POM moved to decertify the class on November 8, 2013.  [D.E. 246]  On March 25, 2014, the Court granted POM's motion and decertified the nationwide class because, among other reasons, (1) Plaintiffs' full refund damages/restitution model failed to account for benefits conferred upon class members from drinking POM Juice; and (2) the class was not ascertainable because there was "no way to reliably determine who purchased Defendant's products or when they did so."  [D.E. 287]  Plaintiffs did not file a Rule 23(f) petition for review by the Ninth Circuit.

On April 8, 2014, the Parties filed a Joint Status Report concerning class notice and scheduling of a hearing date for the Parties' respective motions for summary judgment.  [D.E. 288]  ***In their portion of that Joint Status Report, Plaintiffs stated that they then intended to move the Court either to reopen expert discovery or to disband this MDL prematurely***.  Defendants responded that they

would oppose either request should Plaintiffs ever present a properly noticed motion to this Court.[3]

In the intervening 15 months, Plaintiffs have failed to file either motion as suggested in the last status report.  Worse Plaintiffs have failed to prosecute their claims against POM in this Court in any respect.  Although Plaintiffs blame the Court for their inaction over the past 15 months (*see supra* note 2), the fault is all theirs as nothing has prevented Plaintiffs from filing their proposed motions or otherwise prosecuting their claims.  Plaintiffs' delay has frustrated the public's interest in expeditious resolution of litigation, clogged this Court's docket, and prejudiced POM.  If, however, any of the named Plaintiffs intend to proceed, and the Court permits them to proceed, then POM proposes that the Court set November 2, 2015 as the deadline for the Parties to meet and confer and re-file summary judgment motions, if any, on the claims of those individual Plaintiffs and/or stand on the summary judgment motions previously filed.[4]  Similarly, although Plaintiffs should be deemed to have waived their right to seek certification of any state-wide class due to their inexcusable delay, should the Court permit such a belated motion, then POM proposes August 31, 2015 as the deadline for seeking a state-wide class (with a stipulated briefing schedule to be submitted by the parties).[5]

---

[3] Regarding Plaintiffs' wish to reopen discovery, Plaintiffs lack good cause under Rule 16 to reopen expert discovery at this late date and, in effect, undertake a complete "do over" of expert discovery to the prejudice of POM.  In addition, reopening expert discovery would not help Plaintiffs' efforts to certify a class, as many of the defects fatal to certification cannot be cured by new experts.

[4] If the Court is not inclined to allow the Parties to re-file summary judgment motions, POM proposes that the Parties be allowed to file supplemental briefs on each motion not to exceed 15 pages by October 1, 2015 to update the Court on relevant legal authority issued since the filing of the motions two years ago.

[5] POM also proposes November 9, 2015 as the deadline for filing any *Daubert* motions (with a stipulated briefing schedule to be submitted by the parties).

Plaintiffs should not be permitted to prematurely conclude the MDL for the purpose of filing multiple certification motions in other District Courts. Such a process would introduce the very inefficiencies, duplication of effort, and inconsistent judgments about certification issues that this MDL was established to prevent. *See In re Ethylene Propylene Diene Monomer Antitrust Litig.*, 277 F. Supp. 2d 1373, 1374 (J.P.M.L. 2003). Certainly so long as Plaintiffs take the position that further discovery or pre-trial proceedings (including class certification) remain to be completed in the non-California cases in the MDL, these actions should remain centralized before this Court as the Judicial Panel on Multidistrict Litigation contemplated until they are trial ready. *See*, *e.g.*, *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Pracs. & Prods. Liab. Litig.*, 732 F. Supp. 2d 1375, 1376 (J.P.M.L. 2010).

As POM explained in the previous Joint Status Report [D.E. 288], multiple district courts should not be required to rule on *seriatim* discovery, class certification, *Daubert*, and other evidentiary motions. This would unnecessarily multiply the burdens associated with this litigation, waste private and public resources, and create a likelihood of inconsistent rulings. It is precisely for these types of reasons that the Pretrial Order No. 1 provides that, even if the nationwide class is not certified, the coordinated cases should not be remanded until "after the MDL Court has concluded all pre-trial proceedings." [D.E. 3] Having overseen the MDL for the last four and a half years, this Court remains in the best position to resolve any remaining pre-trial proceedings.

In sum, since the class was decertified in March 2014, Plaintiffs have sat on their hands and failed to prosecute this action. Plaintiff's dilatory tactics should not be rewarded. Nor should Plaintiffs be permitted to either delay this case any further by not filing any remaining pre-trial motions or create further inefficiencies by attempting to disband the MDL prematurely. Plaintiffs' disappointment with this Court's decertification ruling is not a valid basis for seeking to disband the MDL

before the completion of all pre-trial proceedings.  Cases should not be remanded unless and until they are trial ready.

Dated:  July 6, 2015                          ROLL LAW GROUP P.C.


                                              By:___/s/ Matthew D. Moran
                                              MATTHEW D. MORAN

                                              Counsel for Defendants

Dated:  July 6, 2015                          KIRTLAND & PACKARD LLP


                                              By:___/s/ Behram Parekh
                                              BEHRAM PAREKH

                                              Lead Counsel for Plaintiffs


        I, Matthew Moran, am the ECF User whose ID and password are being used to file this Stipulation.  In compliance with L.R. 5-4.3.4(a)(2)(ii), I hereby attest that Behram Parekh, counsel for Plaintiffs, has concurred in the filing's content and has authorized the filing.

Dated:  July 6, 2015                          ROLL LAW GROUP P.C.


                                              By:___/s/ Matthew D. Moran
                                              MATTHEW D. MORAN

                                              Counsel for Defendants