MICHAEL LOUIS KELLY (SBN 82063)
Email: mlk@kirtlandpackard.com
BEHRAM V. PAREKH (SBN 180361)
Email: bvp@kirtlandpackard.com
JOSHUA A. FIELDS (SBN 242938)
Email: jf@kirtlandpackard.com
KIRTLAND & PACKARD LLP
2041 Rosecrans Avenue, 3rd Floor
El Segundo, California 90245
Telephone: (310) 536-1000

*Lead Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: POM WONDERFUL LLC MARKETING AND SALES PRACTICES LITIGATION**<br><br>This Document Relates To:<br>All Actions | Master File No.: 2:10-ml 2199-DDP (RZx)<br><br>[MDL No. 2199]<br><br>Assigned to the Hon. Dean D. Pregerson<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REOPEN LIMITED DISCOVERY, OR IN THE ALTERNATIVE, TO REQUEST THAT THE COURT SUGGEST TO THE JPML THAT CERTAIN CASES BE REMANDED TO TRANSFEROR COURTS**<br><br>**DATE: January 30, 2017**<br>**TIME: 10:00 a.m.**<br>**LOCATION: Courtroom 9C** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on January 30, 2017 at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Dean D. Pregerson, in Courtroom 9C of the 1st Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, Plaintiffs will and hereby do respectfully move the Court for an order allowing them to reopen discovery for the limited purpose of designating and deposing new experts and allowing Plaintiffs to submit a new damages calculation in support of a renewed motion for class certification. Good cause exists under Rule 16 of the Federal Rules of Civil Procedure to modify the scheduling order to allow Plaintiffs to reopen limited discovery for this purpose. Since the date this Court decertified the nationwide class for claims brought under California law, case law involving a situation like the instant case, where class members may have had varying reasons for purchasing the product, including the ones alleged to be misleading, has held that an acceptable method of calculating class-wide damages is based upon the revenue and profit that was wrongfully obtained by the defendant. Such a damages calculation would alleviate this Court's concerns in its decertification order in this case regarding the damages calculations Plaintiffs previously proposed and ascertainability issues identified by the Court, and thereby support a renewed class certification motion by Plaintiffs.

In the alternative, if the Court is not inclined to grant Plaintiffs' motion to reopen limited discovery, Plaintiffs respectfully move the Court to suggest to the Judicial Panel on Multidistrict Litigation ("JPML") that it remand the non-California cases to their respective districts prior to adjudication of the California law summary judgment motions defendant POM Wonderful, LLC ("POM") has filed. The remands would promote judicial economy and efficiency at this stage, in the event discovery is not reopened, because, with the denial of class certification under

i

California law, and the completion of all fact discovery, everything that remains to be done in the cases is state-law specific.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all pleadings and other documents on file with this Court, as well as any other evidence or argument that may be presented before or at the time of the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3.  Defendant POM opposes this Motion.

Respectfully submitted,

DATED: November 4, 2016          KIRTLAND & PACKARD LLP
                                 Michael Louis Kelly
                                 Behram V. Parekh
                                 Joshua A. Fields

                        By:      /s/ Joshua A. Fields
                                 JOSHUA A. FIELDS

                                 *Lead Counsel for Plaintiffs*

ii

**PLAINTIFFS' MOTION TO REOPEN DISCOVERY**

**I.    INTRODUCTION**

This Court previously certified and then decertified a nationwide class for claims under California statutory and common law against defendant POM Wonderful, LLC ("POM") related to marketing of its POM Wonderful 100% juice products. Since the time of the Court's decision to decertify the class on March 25, 2014, relevant case law involving similar claims has held that an acceptable method of calculating class-wide damages is based upon the revenue and profit that was wrongfully obtained by a defendant.[1]  *See*, *e.g.*, *Brown v. Hain Celestial Group, Inc.*, No. C 11-03082 LB, 2014 WL 6483216, at *18-19 (N.D. Cal. Nov. 18, 2014) In the instant case, this type of damages analysis would alleviate the Court's concerns as stated in its decertification order regarding Plaintiffs' expert's ability to value the product at issue and issues of ascertainability.  For these reasons, good cause exists for the Court to reopen limited discovery for designation and depositions of new experts and to allow Plaintiffs to submit a new damages calculation in support of a renewed motion for class certification.

Alternatively, if the Court is inclined to deny Plaintiffs' motion to reopen discovery, Plaintiffs move this Court to suggest to the Judicial Panel on Multidistrict Litigation ("JPML") that it remand the constituent non-California cases in this Multidistrict Litigation ("MDL") to their respective transferor courts.  The proposed remands are warranted and would promote judicial economy and efficiency at this stage because, absent reopening of limited discovery and a renewed motion for class

---

[1] Since *Comcast v. Behrend*, 133 S. Ct. 1426 (2013), the Ninth Circuit has repeatedly reaffirmed that individual damages determinations alone cannot serve to defeat class certification under Rule 23(b)(3), and that it is a *per se* abuse of discretion to deny class certification on this basis.  *See Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 981 (9th Cir. 2015); *Jimenez v. Allstate Ins. Co.*, 765 F.3d 1161, 1167 (9th Cir. 2014); *Levya v. Medline Industries, Inc.*, 716 F.3d 510, 513-14 (9th Cir. 2013); *see also Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010).

1   certification by Plaintiffs, all pre-trial proceedings related to the non-California

2   cases in this MDL are complete.  Based on that, and the express language in this

3   Court's prior pre-trial orders, nothing is left to be done regarding non-California

4   cases in this MDL, and remand of those cases is warranted.

5   **II.   RELEVANT PROCEDURAL BACKGROUND**

6       On August 20, 2011, the Court entered Pretrial Order #2 [D.E. 18], which

7   provided that causes of action other than those contained in the Master Consolidated

8   Complaint ("MCC") would be stayed pending resolution of whether a nationwide

9   class could be certified under California law.  It further provided that if a nationwide

10  class was not certified, such stay would be lifted and the MDL would be disbanded

11  after all pretrial proceedings were concluded.  [D.E. 18]  On February 21, 2012, the

12  Court entered Pretrial Order #3.  [D.E. 47]

13      On May 15, 2012, consistent with Pretrial Order #2, Plaintiffs moved for class

14  certification of a nationwide class of consumers of POM Wonderful 100% juice

15  products for Plaintiffs' claims brought under California's: (1) False Advertising Law

16  ("FAL"), *Business & Professions Code* § 17500, *et seq.*; Unfair Competition Law

17  ("UCL"), *Business & Professions Code* § 17200, *et seq.*; and (3) Consumer Legal

18  Remedies Act ("CLRA"), *Civil Code* 1750, *et seq.*  (collectively, the "California

19  Consumer Protection Statutes"). [D.E. 75]

20      On September 28, 2012, after full briefing, this Court certified a nationwide

21  damages class for Plaintiffs' claims brought under the California Consumer

22  Protection Statutes. [D.E. 111]  The fact and expert discovery cutoff was originally

23  November 1, 2012, per this Court's Pre-Trial Order #2 and Pre-Trial Order #3.

24  [D.E. 18, 47]  Pursuant to this Court's Order dated February 15, 2013, the fact and

25  expert discovery cutoff was continued to July 29, 2013.  [D.E. 134]

26      POM moved to decertify the nationwide class on November 8, 2013, after

27  completion of discovery.  [D.E. 246]  According to POM, predominance was

28  lacking under the new standard for evaluating damages in the class certification

context set forth in *Comcast*, and the two alternative damages models proposed by Plaintiffs, a "Full Refund" model and a "Price Premium" model, were insufficient, among other things.  [D.E. 246]   The Court granted POM's motion and issued its Order decertifying the class on March 25, 2014, holding that the "Full Refund" model failed because "it cannot accurately measure classwide damages" and the "Price Premium" model failed because it was not sufficiently "tied to a legal theory."  [D.E. 287 at p.7:5; p.12:10]  The Court found the opinions of Plaintiffs' damages expert, who presented these two damages models, were inadmissible under *Daubert v. Merrell Dow Pharm., Inc.* 509 U.S. 579 (1993).  The Court also found the class unascertainable because of the large volume of sales claimed and the relatively low price of the product.  [D.E. 287 at p.13:22-p.14:9]

On October 18, 2013, the Court had issued an Order requesting the parties submit a joint report concerning class-notice and a hearing date for POM's summary judgment motions.  [D.E. 240]  In response, on April 8, 2014, the parties submitted a Joint Status Report, wherein Plaintiffs respectfully requested that the Court set a status conference to discuss case management issues such as their intention to file this motion to reopen discovery or in the alternative to remand non-California cases to transferor courts.  [D.E. 288]  Thereafter, the Court did not set a status conference.  However, on June 16, 2015, the Court issued another Order, this time requesting the parties submit a joint report concerning the status of the case not later than July 6, 2015.  [D.E. 294]  In response, on July 6, 2015, the parties submitted a second Joint Status Report, wherein Plaintiffs again respectfully requested that the Court set a status conference to discuss case management issues such as their intention to file this motion.  [D.E. 295]  Thereafter, the Court did not set a status conference.

III.   **ARGUMENT**

Plaintiffs seek to reopen limited discovery to enable them to pursue a renewed motion for class certification based on a new damages theory, supported by recent

court decisions.  In the alternative, if the Court is inclined to deny the motion to reopen limited discovery, Plaintiffs move the Court to suggests to the JPML to remand the constituent cases to their respective transferor courts, prior to the adjudication of the California law based summary judgment motions POM has filed with this Court.

### A.    Good Cause Exists for Plaintiffs to Reopen Expert Discovery

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified upon a showing of "good cause and with the judge's consent." *See Watt v. All Clear Business Solutions, LLC*, 840 F.Supp.2d 324, 326 (D.D.C. 2012); *Federal Trade Commission v. AMG Services, et al.*, 2016 WL 4087268 (D. Nev. 2016).  Here, Plaintiffs seek an order modifying the scheduling order to reopen limited discovery to designate and depose experts and allow the presentation of a different damages theory, based on the revenue and profit that was wrongfully obtained by POM.  *See, e.g., Brown*, 2014 WL 6483216, at *18-19.  In turn, Plaintiffs would then renew their motion for class certification based on the revised damages theory, which is supported by recent court decisions on class certification.

"'What constitutes good cause to reopen discovery necessarily varies with the circumstances of each case.'"  *Watt*, 840 F.Supp.2d at 325.  (Citation omitted)   A number of factors that may or may not be considered, depending on the particular circumstances of the case:

> include '(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; ***and (6) the likelihood that the discovery will lead to relevant evidence.***

*Id.*, at 326.  (Emphasis added)

A number of the relevant factors that may be considered to determine good cause support reopening discovery in this case.  First, no trial is even on calendar, let alone imminent.  Second, Plaintiffs were diligent in seeking discovery within the guidelines set by the Court.  Given the Court's decertification order, however, Plaintiffs seek to proceed with a new theory of damages for class certification, which is supported by recent decisions. Third, the evidence Plaintiffs seek to present is *clearly relevant*, the most important factor present here. Indeed, Plaintiffs' new expert designation and depositions would support Plaintiffs' theory of classwide damages in a case where nationwide class certification was already once granted.

Federal Rule of Civil Procedure 23(c)(1)(C) provides that "[a]n order that grants or denies class certification may be altered or amended before final judgment."  Thus, this Court still has jurisdiction to hear the renewed motion for class certification Plaintiffs intend to bring (just as it had jurisdiction to hear POM's motion for decertification).   As stated above, case law since this Court's decision decertifying the class has held that in a situation like the instant case, where class members may have had a number of different reasons for deciding to purchase the product at issue, including based on representations alleged to be misleading, an acceptable method for calculating class-wide damages is based upon the revenue and profit that was wrongfully obtained by the defendant. *See*, *e.g.*, *Brown*, 2014 WL 6483216, at *18-19.  In the instant case, this type of analysis would alleviate the Court's concern that Plaintiffs' expert was insufficiently able to determine the "value" of the product received by class members [D.E. 287 at p.7:3] by basing such value on the actual cost of the product as manufactured, an objectively calculable amount.   Thus, under that theory here, Plaintiffs' claims would be amenable to class certification.

Relying on this theory of determining class-wide damages will also allow Plaintiffs the ability to address the Court's concerns with ascertainability, as articulated in its decertification order.  By using such an objective method of

determining damages, that is, the difference between the cost of manufacture of the product versus the wholesale price charged for the product, all that class members need to do is self-certify that they did, indeed, buy the product at issue.[2] *See Lilly v. Jamba Juice Co.*, No. 13-CV-02998-JST, 2014 WL 4652283, at *4 (N.D. Cal. Sept. 18, 2014); *Brown*, 2014 WL 6483216, at *9-10; *Forcellati v. Hylands, Inc.*, No. CV 12-1983-GHK (MRWx), 2014 WL 1410264, at *5-8 (C.D. Cal. Apr. 9, 2014). Further, unlike in other cases where class certification has been denied on the grounds of ascertainability, such as *Burton v. Gerber Prods. Co.*, No. 12-CV-02412-LHK, 2014 U.S. Dist. LEXIS 86581 (N.D. Cal. June 23, 2014), because the product was generic, or only certain products out of a range of similar products sold by the defendant contained the alleged false representation, here the distinctive nature of the product and bottle, combined with the fact that *all* POM Wonderful 100% Juice products are part of the class, ameliorate concerns of whether class members will be able to remember whether they actually purchased any of the products at issue. *Id.*

As the Court in *Brown* held:

> That self-identification is allowable here is bolstered by the fact that "total damages" will be proved and fixed at trial— as opposed to awaiting a world of individual claimants who drive the defendant's bill higher with every new "Me, too" that rings in. *See Lilly*, 2014 WL 4652283 at *5-6. The restitutionary damages that the plaintiffs seek focus on the defendant's conduct rather than on the harm allegedly done any individual class member. Those damages, as both parties recognize, are measured by the profit that Hain allegedly derived from the misbranded products. That profit will be

---

[2] The issue of the ascertainability standard is currently before the Ninth Circuit Court of Appeals in *Jones v. ConAgra Foods, Inc.*, No. C 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014).

1  measured without regard to any individual plaintiff; then, after

2  the total figure is set, individual claimants will divide the award.

3  *Brown*, 2014 WL 6483216, at *11.  Such reasoning is equally applicable in the

4  instant case.

5       Plaintiffs propose a revised damages methodology for certifying a nationwide

6  class of consumers in this case – all they need is limited discovery to validate it.  For

7  these reasons, good cause exists for the Court to order discovery reopened on a

8  limited basis to conduct such discovery, and Plaintiffs respectfully submit that the

9  Court should so order so Plaintiffs can renew their motion for class certification

10  based on the revised damages theory.

11       **B.**    **The Court Should Suggest Remand to The JPML**

12       Alternatively, Plaintiffs move this Court to suggest to the JPML that non-

13  California cases be remanded to their respective transferor courts.  Pre-Trial Order

14  #2, entered on August 30, 2011 [D.E. 18], provided that causes of action other than

15  those contained in the MCC would be stayed pending resolution of whether a

16  nationwide class for claims brought solely under California law could be certified.

17  It also provided that such stay would be lifted and the MDL would be disbanded

18  after all pretrial proceedings were concluded.

19       At this point, absent re-opening of limited discovery and a renewed motion

20  for class certification, all pre-trial proceedings are complete that relate to the non-

21  California cases in the MDL.  Any additional pre-trial proceedings in those cases

22  that might be needed will relate solely to those cases and the state-specific causes of

23  action raised therein.  For that reason, no further efficiency will result from

24  continuing to litigate those cases, and the state-specific causes of action raised

25  therein, in this Court.  POM's motions for summary judgment currently on file

26  relate *solely* to California causes of action, and resolution of those motions would

27  not bind the state-specific causes of action raised in the non-California constituent

28  cases.

7

1    28 U.S.C. §1407(a), which governs the coordinated or consolidated pretrial

2    proceedings in multidistrict litigation, provides, in pertinent part, that each action

3    transferred by the JPML "shall be remanded by the panel *at or before the conclusion*

4    *of such pretrial proceedings* to the district from which it was transferred unless it

5    shall have been previously terminated." (Emphasis added). As a result, remand at

6    the conclusion of pretrial proceedings is mandatory, *Lexecon, Inc. v. Milberg Weiss*,

7    523 U.S. 26, 34-35 (1998); however, remand prior to the conclusion of pretrial

8    proceedings is discretionary solely with the JPML. *See In re Bridgestone/Firestone,*

9    *Inc., ATX, ATXII, & Wilderness Tires Prods. Liab. Litig.*, 128 F. Supp. 2d 1196,

10   1197 (S.D. Ind. 2001).

11   Pursuant to the JPML's Rules of Procedure, "the Panel shall consider the

12   question of remand on the motion of any party, on the suggestion of the transferee

13   court or on the Panel's own initiative." *In re Asbestos Prods. Liab. Litig.*, 560 F.

14   Supp. 2d 1351, 1351 (J.P.M.L. 2008) (citation omitted)  However, even where the

15   request for remand is made by motion, the role of the transferee court is to provide a

16   suggestion or recommendation to the JPML. *See In re Evergreen Valley Project*

17   *Litig.*, 435 F. Supp. 923, 924 (J.P.M.L. 1977).  Indeed, the JPML's own rules, such

18   as Multidistrict Litigation Rule 14(d), indicate it is "'reluctant to order remand

19   absent a suggestion of remand from the transferee district court.'" *Lexecon*, 523 U.S.

20   at 31.

21   The statute does not provide definitive guidelines for assessing remand prior

22   to the completion of pretrial proceedings; rather, the issue turns on "whether the

23   case will benefit from further coordinated proceedings as part of the MDL." *In re*

24   *Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d at 1197.  Generally, remand is

25   appropriate where the transferee court's work is done and where everything that

26   remains to be done is case-specific. *See, e.g., In re Light Cigarettes Mktg. Sales*

27   *Practices Litig.*, 832 F. Supp. 2d 74, 76 (D. Me. 2011); *In re Patenaude*, 210 F.3d

28   135, 145 (3d Cir. 2000).  Plaintiffs respectfully submit that this standard is met here.

8

1    The case of *In re Vitaminwater Mktg. & Sales Practice Litig.*, No. 11-MD-

2   2215, 2013 U.S. Dist. LEXIS 98570, at *41 (E.D.N.Y. July 10, 2013) is particularly

3   instructive, where the JPML remanded the cases when pending motions "raise[d]

4   many case specific state law issues, which can best be resolved by courts in the

5   states where plaintiffs' claims arose."  Similarly, in this litigation, with the denial of

6   nationwide class certification under California law, and the completion of all fact

7   discovery, everything that remains to be done is state-law specific, unless the Court

8   reopens discovery as Plaintiffs have requested.  The constituent cases bring claims

9   under the consumer protection statutes of various states.  None of these issues have

10   yet been adjudicated in this Court due to the terms of Pre-Trial Order #2 and the

11   initial certification of a nationwide class under California law by this Court.

12    The courts in the various states where the constituent actions arise from are

13   best suited to make determinations under laws of those states, including potentially

14   resolving motions for class certification under the state-specific causes of action

15   allowed by those states, and potentially resolving motions for summary judgment,

16   again under the state-specific causes of action allowed by those states.  No

17   efficiency will be gained from having this Court adjudicate those state law specific

18   issues.

19   **IV.    CONCLUSION**

20    For the foregoing reasons, Plaintiffs respectfully request this Court grant their

21   motion to reopen limited discovery and to designate and depose experts prior to

22   Plaintiffs filing a renewed motion for class certification.  Alternatively, Plaintiffs

23   request this Court suggest to the JPML that the constituent cases be remanded back

24   to their respective transferor courts and that the MDL be dissolved.

25

26   ///

27   ///

28   ///

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

DATED: November 4, 2016

KIRTLAND & PACKARD LLP
Michael Louis Kelly
Behram V. Parekh
Joshua A. Fields

By:   /s/ Joshua A. Fields
      JOSHUA A. FIELDS

      *Lead Counsel for Plaintiffs*