UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IN RE: POM WONDERFUL LLC MARKETING AND SALES PRACTICES LITIGATION, | ) ) ) ) ) ) ) ) ) ) | Case No. ML 10-02199 DDP (RZx) MDL Number 2199 **ORDER DENYING PLAINTIFFS' MOTION TO REOPEN DISCOVERY** [Dkt. 298] |

Presently before the court is Plaintiffs' Motion to Reopen Discovery. Having considered the submissions of the parties and heard oral argument, the court denies the motion and adopts the following Order.

**I.  Background**

Plaintiffs' Master Consolidated Complaint alleges that Defendant falsely advertised the health benefits of its juice products and the scientific basis for Defendants' health-related claims. In 2012, this court certified, under California law, a nationwide class of purchasers of Defendant's 100% juice products. After the close of discovery, however, Defendants moved to decertify the class. This court granted the motion in March of

2014, concluding that Plaintiffs had failed to put forth an adequate model of determining class damages, and that plaintiffs therefore could not satisfy the predominance requirement of Federal Rule of Civil Procedure 23(b)(3).[1]

Since decertifying the class, this court twice ordered the parties to submit a joint status report regarding the status of this case. On both occasions, Plaintiffs indicated that they intended to file a motion to reopen discovery or, in the alternative, disband this multi-district litigation ("MDL") matter.[2] Plaintiffs now so move.

**II. Discussion**

    A.   Motion to Reopen Discovery

The parties agree that Plaintiffs' motion to reopen discovery is governed by Federal Rule of Civil Procedure 16, which provides that the court may modify a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). Although prejudice to the opposing party

---

[1] In short, the court concluded that Plaintiffs' "Full Refund" theory assumed that consumers received no benefit whatsoever from Defendant's products, and therefore improperly used the full retail proceeds of Defendant's 100% juice product sales as the measure of damages, and that Plaintiff's "Price Premium" theory improperly relied upon a "fraud on the market" theory, unjustifiably assumed the existence of an efficient market for juice and reliance upon Defendant's alleged false statements, and was untethered to any theory of liability. (See Dkt. 287.)
Although the court's decertification Order also discussed the difficulty in ascertaining the membership of a class of juice purchasers as a factor weighing in favor of decertification, the Ninth Circuit has since clarified that ascertainability is not an obstacle to class certification. See Briseno v. ConAgra Foods, Inc., 844 F.3d 1121 (9th Cir. 2017).

[2] Plaintiffs also, within the status report, requested a status conference to "discuss with the Court their intention to move the Court to . . . either 1)reopen limited discovery . . . or 2) to ask that the [Judicial Panel on Multidistrict Litigation] remand that non-California cases . . . ." (Dkt. 295 at 1:19-24.)

2

is relevant to the analysis, the "good cause" standard looks primarily to the movant's reasons for seeking modification of a scheduling order and diligence in so doing. <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992.); see also <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000) (affirming denial of motion to amend scheduling order to add new theory of liability after the close of discovery).

Plaintiffs ask that discovery be reopened "for designation and depositions of new experts and to allow Plaintiffs to submit a new damages calculation in support of a renewed motion for class certification." (Motion at 1:14-16.) Plaintiffs contend that "case law since this Court's decision decertifying the class has held that in a situation like the instant case . . . an acceptable method for calculating class-wide damages is based upon the revenue and profit that was wrongfully obtained by the defendant." (Mot. at 5:14-19).

The case law to which Plaintiffs cite is <u>Brown v. Hain Celestial Group, Inc.</u>, No. C 11-03082 LB, 2014 WL 6483216 (N.D. Cal. Nov. 18, 2014). There, plaintiffs brought a putative class action alleging that the defendant marketed cosmetic products misleadingly labeled as "organic." <u>Brown</u>, 2014 WL 6483216 at * 1-2. In certifying a class, the Magistrate Judge concluded that the damages models put forth by the plaintiffs were adequate, insofar as they "calculate[d] the excess profits that [the defendant] made in consequence of its (allegedly false) claim that the products in question were organic." " <u>Brown</u>, 2014 WL 6483216 at * 18 (parenthetical in original). The court further determined that the plaintiffs' expert controlled "for confounding variables . . .

3

other that the 'organic' claim that might have factored into a given product's enhanced price." Id. at 19.

As an initial matter, Plaintiffs have not adequately demonstrated diligence. Although this court did not indulge Plaintiffs' request, stated within the joint status reports, to hold a status conference regarding Plaintiffs' twice-stated intention to file this motion, Plaintiffs identify no obstacle that impaired their ability to file this motion, nor do they otherwise explain their delay.[3] This alone warrants denial of Plaintiffs' motion. See Johnson, 975 F.2d at 609 ("If [the moving] party was not diligent, the inquiry should end.").

Furthermore, the facts at issue here are not similar to those in Brown, as this is not a case about labeling and there are no allegations that any of Defendant's allegedly misleading statements appeared on product packaging. Moreover, it is not clear to the court that Brown in any way represents a change in law or puts forth a novel theory of damages that Plaintiffs could not have pursued earlier. Although Plaintiffs seek "minimal merits discovery on the issue of Pom's revenue and profit," they provide no explanation why they have not already obtained such seemingly basic information, and indeed acknowledge that they "don't need any additional fact discovery" to file a new class certification motion. (Reply at 8:22, 26-27.) Rather, Plaintiffs' emphasis appears to be on the retention of new experts or the drafting of

---

[3] Indeed, Plaintiffs first stated an intention to file this motion approximately seven months before the Brown court issued its order, casting doubt upon Plaintiff's contention that a new development in the law regarding damages models underpins Plaintiffs' effort to reopen discovery.

4

new expert reports, with the purpose of ameliorating deficiencies in their expert's prior analysis. Compare Brown, 2014 WL 6483216 at * 19 (determining that expert adequately controlled for confounding variables.) Such aims do not constitute "good cause" for amending the scheduling order. See, e.g., Ho v. Ernst & Young LLP, No. C-05-04867 RMW, 2012 WL 95342 at *3 (N.D. Cal. Jan. 12, 2012) ("[C]ourts have denied amendment . . . where the movant is simply seeking another chance at certification.").

B. Dissolution of MDL Proceedings

This Court's Pretrial Order No. 2 provided that, in the event a nationwide class was not certified, causes of action not included in the Master Consolidated Complaint would be "litigated in the MDL until the MDL is disbanded after the MDL Court has concluded all pretrial proceedings." (Dkt. 18 at 1:12-14.) MDL matters may, however, be remanded to their originating districts before the conclusion of pretrial proceedings. 28 U.S.C. Sec. 1407(a). Although only the MDL Panel has the power to remand a case to a transferor court, this court may suggest to the MDL Panel that remand is appropriate. In re Portfolio Recovery Associates, LLC, Nos. 11md2295JAH(BGS), 13cv0029 JAH(BGS), 2013 WL 5372843 at *1 (S.D. Cal. Sept. 23, 2013). The relevant question is "whether the case will benefit from further coordinated proceedings as part of the MDL." Id. (citing In re Patenaude, 210 F.3d 135,145 (3d Cir. 2000)).

Remand may be appropriate where everything that remains to be done in a case is state-specific. Patenaude, 210 F.3d at 145; In re Bridgestone/Firestone, Inc., 128 F.Supp.2d 1196, 1197 (S.D. Ind. 2001.) Plaintiffs assert that, fact and expert discovery having

been completed, the only remaining issues are state-specific. Defendant responds that efficiency would be best served if this Court continued to preside over remaining pretrial matters. To the extent Plaintiffs argue that transferor courts are "best suited" to make determinations involving their own state laws, that argument is not compelling, "as it is within the very nature of coordinated or consolidated pretrial proceedings in multidistrict litigation for the transferee judge to be called upon to apply the law of more than one state." In re CVS Caremark Corp. Wage and Hour Employment Practices Litigation, 684 F.Supp.2d 1377, 1378 (U.S.J.P.M.L. 2010) (internal quotation omitted). Thus, the benefits of further coordinated MDL proceedings before this court weigh against a remand recommendation.

**III. Conclusion**

For the reasons stated above, Plaintiffs' motion is DENIED. The parties shall meet and confer to discuss further proceedings, as stated on the record, and shall appear before the court for a status conference on February 27, 2017 at 11:00 a.m.

IT IS SO ORDERED.

Dated: February 14, 2017

DEAN D. PREGERSON
United States District Judge