O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: POM WONDERFUL LLC MARKETING AND SALES PRACTICES LITIGATION,<br><br>         Plaintiff,<br><br>    v.<br><br>,<br><br>         Defendants.<br>_____ | ) Case No. ML 10-02199 DDP (RZx)<br>) MDL Number 2199<br>)<br>)<br>) **ORDER RE: PLAINTIFFS' NON-**<br>) **CALIFORNIA CLAIMS**<br>)<br>)<br>) [Dkt. 328]<br>)<br>) |

Presently before the court is the question whether, in light of this Court's order decertifying a nationwide class, Plaintiffs may nevertheless proceed with discovery and class certification motions regarding Plaintiffs' non-California claims. Having considered the submissions of the parties and heard oral argument, the court grants the motion in part, denies the motion in part, lifts the stay on Plaintiffs' non-California claims, and adopts the following Order.

**I.    Procedural Background**

On August 30, 2011 this Court entered, pursuant to the parties' stipulation, Pretrial Order No. 2. (Dkt. 18.) That Order provided, in relevant part:

> To the extent that the underlying complaints in actions in this coordinated proceeding contain causes of action that are otherwise not included in the Master Consolidated Complaint ("MCC"), those causes of action shall be stayed for purposes of this proceeding. If the proposed nationwide class is not certified, then the stay will be lifted and those causes of action[] will be litigated in the [Multidistrict Litigation] until the MDL is disbanded after the MDL Court has concluded all pretrial proceedings. The MCC is an administrative pleading for purposes of the MDL proceeding only. The counts of the MCC are not deemed automatically included in any particular case.

(Pretrial Order. No. 2, Dkt. 18 at 1). The Master Consolidated Complaint alleged three causes of action under California law. (Dkt. 19, Ex. A.) On September 28, 2012, this Court granted Plaintiffs' motion for certification of a nationwide class under California law. (Dkt. 111.) Later, after the close of discovery, Defendant moved to decertify the class. (Dkt. 246.) The court granted Defendant's motion and decertified the class on March 25, 2014.

In November 2016, Plaintiffs moved to reopen discovery or, in the alternative, recommend to the Judicial Panel on Multidistrict Litigation ("JPML") that it disband this multidistrict litigation and remand the non-California cases back to their transferor courts. (Dkt. 298). This Court denied Plaintiffs' motion. (Dkt. 312). Plaintiffs then moved the JPML to remand the non-California components of this case back to their transferor courts. (See Dkt. 322.) The JPML denied Plaintiffs' motion on June 2, 2017.

Plaintiffs now seek to lift the stay of non-California claims not included in the MCC and to set a discovery schedule regarding those claims.

**II. Discussion**

A. Rule 16

Defendant argues first that Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 16 because the discovery deadline has long since passed. Under Rule 16, the court may modify a scheduling order "only for good cause." Fed. R. Civ. P. 16(b)(4). Although prejudice to the opposing party is relevant to the analysis, the "good cause" standard looks primarily to the movant's reasons for seeking modification of a scheduling order and diligence in so doing. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992.).

Defendant argues that Plaintiffs have not been diligent in seeking to reopen discovery regarding non-California claims because the instant request is "at least three-and-a-half years (41 months) too late."[1] (Opposition at 7:12.) Defendant's argument is predicated on the assumption that the stay on Plaintiffs' non-California claims lifted in March 2014, when this court decertified the nationwide class under California law. (Opposition at 2:1-2.) There appears to be no dispute that, prior to the instant motion, neither party sought to lift the stay or otherwise address the non-

---

[1] Defendant's argument that although the non-California claims were stayed, discovery on those claims was not stayed is not persuasive. Such an interpretation has no support in the record. Furthermore, if Defendant were correct, then Plaintiffs could not possibly have sought discovery on any stayed claim. By Defendant's logic, even if Plaintiffs had sought to lift the stay the day after this Court's decertification order, all discovery deadlines would already have passed.

3

California claims.[2]  Defendant appears to suggest that the stay on those claims <u>automatically</u> lifted, pursuant to Pretrial Order 2, at the time this Court entered its decertification order.  Pretrial Order 2 provides that "[i]f the proposed nationwide class is not certified, then the stay <u>will be lifted</u> . . . ."  (Dkt. 18 at 1 (emphasis added).  Pretrial Order 2 did not, however, state that the stay would automatically lift or otherwise specify a particular mechanism for lifting the stay.  Without such language, and absent a request by any party regarding the stay prior to this juncture, the court cannot agree with Defendant that the stay has yet lifted, let alone did so several years ago.  Accordingly, the Rule 16 standard is inapplicable to the instant motion.[3]

B. Failure to Prosecute

Although, as discussed above, Rule 16 does not provide an appropriate analytical framework in light of the continuation of the stay pursuant to Pretrial Order 2, a question remains whether Plaintiffs should be allowed to proceed with their non-California claims in light of their failure to prosecute those claims.  It is well established that courts have the inherent authority to dismiss claims for failure to prosecute.  See Link v. Wabash R. Co., 370 U.S. 626, 629 (1962).  That authority is particularly broad in the

---

[2] Defendant suggests that this lack of effort is consistent with, and a reflection of, Plaintiffs' intent to proceed exclusively with California causes of action, and that only having failed in their efforts to reopen discovery related to their California claims are Plaintiffs now inconsistently attempting to pursue non-California claims.

[3] For the same reasons, Defendant's argument that any forthcoming motion for class certification under the law of a state other than California would violate the timing requirements of Central District of California Local Rule 23-3 is also not persuasive.

4

context of complex multidistrict litigation, which "assumes cooperation by counsel and macro-, rather than micro-, judicial management . . . ." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1231-32 (9th Cir. 2006).

In determining whether dismiss for failure to prosecute, courts should consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996). A defendant need not have been actually prejudiced, as "the failure to prosecute diligently is sufficient by itself to justify a dismissal . . . ." In re Eisen, 31 F.3d 1447, 1452 (9ths Cir. 1994).

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The court's need to manage its docket also weighs in favor of dismissal. This matter has been pending for several years, and Plaintiffs have provided no explanation why they waited approximately three and a half years after the decertification of the nationwide class under California law to seek to lift the stay on the remaining non-California claims. See Lashgari v. Bratton, No. CV. 04-3322-SJO, 2009 WL 1163361 at *1 (C.D. Cal. Apr. 24, 2009) ("It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics." (citing Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991)); see also Eisen, 31 F.3d 1447 (affirming dismissal for failure to prosecute

5

after four years of inactivity); J&J Sports Productions, Inc. v. Mojica, No. 11-CV-05440-LHK, 2014 WL 479179 at *2-3 (N.D. Cal. Sept. 25, 2014) (dismissing action after two years of inactivity). Indeed, Plaintiffs' behavior appears to reflect a conscious tactical decision to proceed on the California claims alone. Needless to say, class certification is a critical component of any putative class action, and is typically decided in the very early stages of litigation. See C.D. Cal. L.R. 23-3 ("Within 90 days after service of a pleading purporting to commence a class action . . . , the proponent of the class shall file a motion for certification that the action is maintainable as a class action . . . ."). If, as they now assert, Plaintiffs never intended to put all of their eggs in the California law basket, they could, and arguably should, have sought to proceed with their non-California claims as soon as the nationwide class was de-certified. They did not do so. Instead, Plaintiffs continued to pursue the California claims alone. Only after having failed in their efforts to reopen discovery to make a second attempt at certification under California law do Plaintiffs now seek to un-ring the bell and resuscitate long-dormant non-California claims.

Were the court to lift the stay at this point and, in essence, allow Plaintiffs to start from scratch with the non-California claims, Defendant would likely be prejudiced. Although Plaintiffs are correct that no trial date is pending, the parties completed discovery several years ago.[4] Even putting aside the increased

---

[4] The parties appear to dispute the extent to which that discovery was limited to California claims. See Opp. at 3:6-11 ("Plaintiffs[] propounded over 100 requests for production, over
(continued...)

time and resources that would be required to engage in further discovery, Defendant would be prejudiced by Plaintiff's delay, as "witnesses move away and their memories fade." Eisen, 31 F.3d at 1454 (citation omitted); see also Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). This factor, then, also weighs in favor of dismissal.

Public policy favoring disposition on the merits weighs against dismissal. So too does the availability of less drastic alternatives. Plaintiffs now ask the court to lift the stay on the non-California claims, allow Plaintiffs to conduct additional discovery, and permit Plaintiffs to attempt to certify non-California statewide classes. As discussed above, the stay on Plaintiffs' non-California claims did not automatically lift upon the issuance of this Court's decertification order. At the same time, as discussed above, Plaintiffs have provided no explanation why they waited until this point to proceed with their non-California claims. Rather than dismiss those stayed, but stagnant, claims, this Court could adopt the less drastic alternative of lifting the stay without allowing Plaintiffs additional discovery. It appears to the court that such would be the best course of action.

---

[4](...continued)
600 requests for admission, and interrogatories. Those discovery requests and POM's production . . . were not limited to issues unique to California. Plaintiffs also deposed multiple current or former POM employees, and the scope of the questioning was not limited to issues unique to California.").

7

As stated above, further discovery at this late date would prejudice Defendant. Furthermore, it is not clear to the court that any additional discovery is necessary. Indeed, Plaintiffs themselves have repeatedly asserted, prior to the instant motion, that all discovery is complete. Although Plaintiffs now contend that only "<u>common coordinated</u> fact discovery related to the California claims and the nationwide class . . . ha[ve] been completed," that position conflicts with Plaintiffs' earlier representations.[5] (Reply at 9:18-19 (emphasis added)). In the course of seeking disbandment of this MDL, for example, Plaintiffs represented that "all pre-trial proceedings related to the non-California cases in this MDL are complete," and that "all pre-trial proceedings are complete that relate to the non-California cases in the MDL." (Dkt. 298 at 2:1-2, 7:20-21.) Similarly, Plaintiffs represented to the JPML that "all pre-trial proceedings related to the non-California cases in the MDL, such as coordinated fact discovery, are complete . . . ." and that "all fact discovery applicable to all cases was completed by July 29, 2013." (Dkt. 318-1 at 1, 5.) This Court will hold Plaintiffs to those representations.

Although dismissal of the stayed claims for failure to prosecute would not be inappropriate, given the balance of the relevant factors and Plaintiffs' prior representations to this Court and to the JPML, this Court concludes that Plaintiffs should be allowed to proceed with their non-California claims without

---

[5] Indeed, the scope of discovery sought by Plaintiffs remains unclear to the court. Plaintiffs have suggested that additional expert discovery is required, yet, at oral argument, represented that additional fact discovery of some sort is also necessary.

8

additional discovery. Accordingly, Plaintiffs' motion is GRANTED, in part, and DENIED, in part. The stay on Plaintiffs' non-California claims is hereby lifted. To the extent Plaintiffs seek additional discovery on those claims, the motion is denied.[6]

C. Judicial Estoppel

Defendant also contends that Plaintiffs should be estopped from asserting any claims under the laws of any state other than California. The doctrine of judicial estoppel is intended "to protect the integrity of the judicial process, and "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." New Hampshire v. Maine, 532 U.S. 742, 749 (2001) (quotation marks and citations omitted). There is no precise formula for determining the applicability of the doctrine, nor are there any "inflexible prerequisites." Id. at 750. Relevant factors, however, include (1) a party position "clearly inconsistent" with a prior position, (2) a party's success in persuading a court to accept the earlier position, and (3) unfair advantage over the opposing party in the absence of estoppel. Id.; see also Williams v. Boeing Co., 517 F.3d 1120, 1134 (9thD Cir. 2008). A party's later inconsistent position need not be the result of chicanery or a knowing misrepresentation for the doctrine to apply. Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC, 692 F.3d 983, 993-95 (9th Cir. 2012).

---

[6] This Court takes no position on the question whether Plaintiffs should or should not seek to certify one or more classes under non-California law.

9

Defendant argues that Plaintiffs' current attempt to proceed on the non-California claims is inconsistent with Plaintiffs' prior position that, in the context of class certification and a choice of law analysis, California law is applicable to a nationwide class. There is no question that Plaintiffs took such a position in prior proceedings, nor that the court was persuaded that California law should apply to the class claims. (See Dkts. 103, 111.) Even when advocating that position, however, Plaintiffs made clear that the California choice of law argument pertained only to questions regarding the California causes of action in the MCC. See Dkt. 103 at 12 n.6 ("Although Defendant argues that a 50 state class is also not appropriate, that issue is not before the Court. Pursuant to Pretrial Order 1 (D.E. 3) all non-California causes of action in the underlying cases were stipulated and ordered to be stayed until determination of whether a nationwide class could be certified under California law.")[7]

Although Plaintiffs did subsequently argue that the specifics of the various transferor venues' state laws warrant dissolution of this MDL proceeding in light of the decertification of a nationwide class, there is no indication that Plaintiffs have abandoned their contention that California law can and should apply to any such classs.[8] See Dkt. 298 at 7; Dkt. 318.

Although Defendant is in some sense correct that Plaintiff's two arguments are in tension with each other, Defendant ignores the

---

[7] The language of Pretrial Order 1 is materially similar to the language of Pretrial Order 2 at issue here.

[8] This Court's decertification was not premised upon any contrary conclusion or other choice of law concern.

significant differences in the contexts in which Plaintiffs raised their arguments.[9]  Because Plaintiffs' respective positions at the class certification stage and at this stage and the potential remand stage are not "clearly inconsistent," the doctrine of judicial estoppel does not apply.[10]

**III. Conclusion**

For the reasons stated above, Plaintiffs' Motion is GRANTED, in part, and DENIED, in part.  They stay on Plaintiffs' non-California claims is hereby lifted.  Further discovery shall not be permitted.  The parties may file any motion they deem appropriate.

IT IS SO ORDERED.

Dated: May 14, 2018

DEAN D. PREGERSON
United States District Judge

---

[9] The court also observes that one of Defendant's arguments is, at best, disingenuous.  Defendant represents that Plaintiffs took the position at the decertification stage that "filing of summary judgment motions exclusively under California law is contrary to any intent . . . to continue to contest choice of law issues."  (Opp. at 11.)  Plaintiffs' actual argument, however, was that Pom's filing of such motions was "contrary of any intent <u>of Pom</u> to continue to contest choice of law issues." (emphasis added.)

[10] Furthermore, it does not appear to the court that Plaintiffs, having earlier convinced this Court that California law could be applied constitutionally to a nationwide class, necessarily derive any particular advantage from arguing now that other states' laws may also apply.

11